IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 S. Howard Street, 3rd Floor<br>Baltimore, MD 21201 | )<br>)<br>)<br>)<br>) | Civil Action No. |
| Plaintiff, | )<br>) | COMPLAINT |
| v. | )<br>)<br>) | JURY TRIAL DEMAND |
| CTI GLOBAL SOLUTIONS INC.<br>9500 Arena Drive, Suite 450<br>Largo, MD 20774 | )<br>)<br>)<br>) | |
| Defendant. | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Rita Tolliver and a class of pregnant employees. As alleged with greater specificity below in paragraph seven, the Commission charges that Defendant CTI Global Solutions Inc., (CTI or Defendant) has engaged in sex discrimination by terminating Rita Tolliver and a class of at least two pregnant employees because of their pregnancy.

JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. CTI's principal offices are within the jurisdiction of the United States District Court for the District of Maryland, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a company doing business in the State of Maryland, Prince George's County, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Rita Tolliver filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October of 2008, Defendant engaged in unlawful employment practices in violation of Sections 701(k) and 703(a) of Title VII, 42 U.S.C. §§2000e(k) and 2000e-2(a). The practices include the following:

   a. Defendant removed Rita Tolliver from her training to be a file clerk at the FBI after learning that she was pregnant. Defendant's Chief Financial Officer informed Tolliver that

the file clerk position was a "risk" for her due to her pregnancy. Defendant declined Tolliver's offers to submit medical documentation to show that she could perform the file clerk position. Defendant also failed to reassign Tolliver into another position, thereby terminating her employment;

      b.     Defendant removed classmember Alfre Juanita Tisdale from her assignment with the FBI after learning that she was pregnant. Defendant's Operations Manager informed her that based on "past experiences" it "would not be fair" for her to continue her assignment. Defendant also failed to give Tisdale an alternative assignment, thereby terminating her employment; and

      c.     Defendant removed classmember Anje Proctor from her assignment with the FBI after learning that she was pregnant. Defendant's Manager informed her that it would be unsafe for her to hold her position while pregnant. Defendant also failed to provide Proctor with an alternative assignment, thereby terminating her employment.

      8.     The effect of the practices complained of above has been to deprive Rita Tolliver and a class of pregnant employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

      9.     The unlawful employment practices complained of above were and are intentional.

      10.     The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Rita Tolliver and a class of pregnant employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex including discrimination on the basis of pregnancy.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of Defendant's past and present unlawful employment practices.

C.  Order Defendant to make whole Rita Tolliver and a class of pregnant employees by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

D.  Order Defendant to make whole Rita Tolliver and a class of pregnant employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendant to make whole Rita Tolliver and a class of pregnant employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

F.  Order Defendant to pay Rita Tolliver and a class of pregnant employees punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney (Acting)

MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

ERIC S. THOMPSON
Trial Attorney

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland 21201
Phone: (410) 962-4341
Fax: (410) 962-4270