IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| U.S. EEOC | : | |
| | : | |
| v. | : | Civil Action No. DKC 09-2570 |
| | : | |
| CTI GLOBAL SOLUTIONS, INC. | : | |
| | : | |

**MEMORANDUM OPINION**

On December 14, 2009, Defendant CTI Global Solutions, Inc., filed a suggestion of bankruptcy, advising that it had filed a Chapter 11 petition and the instant case was subject to the automatic stay of 11 U.S.C. § 362(a). (Paper 10). On the same date, the court issued an order administratively closing the case without prejudice to Plaintiff EEOC's right to move to reopen upon a showing of good cause. (Paper 11). On December 15, 2009, Plaintiff filed a motion to reopen the case, which is presently pending before the court, arguing that the instant action is exempt from the automatic stay provision under 11 U.S.C. § 362(b)(4). (Paper 12). Defendant has not responded to this motion. For the reasons that follow, Plaintiff's motion will be granted.

When a debtor files for bankruptcy protection, 11 U.S.C. § 362(a)(1) automatically stays "the commencement or continuation . . . of a judicial, administrative, or other action or

proceeding against the debtor that was . . . commenced before the commencement of the case under this title."  The "chief purpose" of the automatic stay provision is "to allow for a systematic, equitable liquidation proceeding by avoiding a 'chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.'" *Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, 864 (4th Cir. 2001) (quoting *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 55 (2nd Cir. 1976)).

Subsection (b) of the same statute, however, carves out a number of exceptions to the general rule, including that the filing of a petition does not operate as a stay of:

> the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.

11 U.S.C. § 362(b)(4).  The rationale underlying this exception is that "because bankruptcy should not be 'a haven for wrongdoers,' the automatic stay should not prevent governmental regulatory, police and criminal actions from proceeding." *In re Universal Life Church, Inc.*, 128 F.3d 1294, 1297 (9th Cir. 1997) (quoting 3 Collier on Bankruptcy ¶ 362.05(5)(a), at 362-64 (15th ed. 1996)).

In *Safety-Kleen, Inc.*, 274 F.3d at 865, the Fourth Circuit observed:

> The difficulty in applying this exception comes in distinguishing between situations in which the state acts pursuant to its "police and regulatory power" and situations in which the state acts merely to protect its status as a creditor. To make this distinction, we look to the purpose of the law that the state is attempting to enforce. If the purpose of the law is to promote "public safety and welfare," *Universal Life Church, Inc. v. United States (In re Universal Life Church, Inc.)*, 128 F.3d 1294, 1297 (9th Cir.1997), or to "effectuate public policy," *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 942(6th Cir.1986) (internal quotation marks omitted), then the exception applies. On the other hand, if the purpose of the law relates "to the protection of the government's pecuniary interest in the debtor's property," *Universal Life Church*, 128 F.3d at 1297, or to "adjudicate private rights," *Edward Cooper Painting*, 804 F.2d at 942(internal quotation marks omitted), then the exception is inapplicable. The inquiry is objective: we examine the purpose of the law that the state seeks to enforce rather than the state's intent in enforcing the law in a particular case. *See United States v. Commonwealth Cos. (In re Commonwealth Cos.)*, 913 F.2d 518, 523 n. 6 (8th Cir.1990); *United States v. Grooms*, No.Crim. A. 96-00071-C, 1997 WL 578752, at *3 (W.D.Va. Aug.29, 1997). Of course, many laws have a dual purpose of promoting the public welfare as well as protecting the state's pecuniary interest. The fact that one purpose of the law is to protect the state's pecuniary interest does not necessarily mean that the exception is inapplicable. Rather, we must determine the primary purpose of the law that the state is attempting to enforce. *See Yellow Cab Coop. v. Metro Taxi, Inc. (In re*

>  *Yellow Cab Coop.)*, 132 F.3d 591, 597 (10th Cir.1997); *Javens v. City of Hazel Park (In re Javens)*, 107 F.3d 359, 367-68 (6th Cir.1997); *EEOC v. Rath Packing Co.*, 787 F.2d 318, 324 (8th Cir.1986). *But see Universal Life Church*, 128 F.3d at 1299 ("*Only if the action is pursued solely to advance a pecuniary interest of the governmental unit will the automatic stay bar it.*" (emphasis added) (internal quotation marks omitted)). Likewise, the fact that the state action requires the debtor to make an expenditure does not necessarily mean that the regulatory exception is inapplicable. *See, e.g., Commonwealth Oil Refining Co. v. EPA (In re Commonwealth Oil Refining Co.)*, 805 F.2d 1175, 1186 (5th Cir.1986) (holding that the EPA could force debtor to comply with environmental regulations even though compliance would cause debtor to spend money).

Although *Safety-Kleen, Inc.*, considered whether the exception applied to a state government department, it applies with equal force to a federal "governmental unit." *See EEOC v. McLean Trucking Co.*, 834 F.2d 398, 401 (4th Cir. 1987) ("[t]here can be no doubt that EEOC is a governmental unit" within the ambit of 11 U.S.C. § 362(b)(4)).

In fact, *McLean Trucking Co.* makes clear that Title VII actions brought by the EEOC, such as the instant case, are pursuant to the EEOC's "police or regulatory power." In that case, after McLean Trucking Company filed a Chapter 11 petition, the EEOC commenced two separate actions alleging violations of Title VII and the ADEA, respectively, and seeking, *inter alia*,

back pay, liquidated damages, and injunctive relief. *McLean Trucking Co.*, 834 F.2d at 399. The bankruptcy court determined that both suits were essentially claims for back wages, and thus were attempts to adjudicate private rights that were subject to the automatic stay. Upon reviewing the language of § 362, its legislative history, and relevant case law, the Fourth Circuit reversed. Relying principally on *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417-18 (1975), and *General Tel. Co. of the Northwest v. EEOC*, 446 U.S. 318, 326 (1980), the court held as follows:

> We have no doubt that when EEOC sues to enjoin violations of Title VII or ADEA and seeks reinstatement of the victims of alleged discrimination and adoption of an affirmative action plan in a Title VII case, and couples these prayers for relief with a claim for back pay, EEOC is suing in exercise of its police or regulatory power and is not subject to the automatic stay until its monetary claims are reduced to judgment. We think also that even if EEOC's non-monetary claims for relief in the Texas and Tennessee cases may be disregarded, *Albemarle Paper* and *General Telephone* teach that EEOC is still proceeding in the exercise of its police or regulatory power when it seeks to recover back pay for the victims of alleged unlawful discrimination so as to be exempt from the automatic stay until its prayer for monetary relief is reduced to judgment. We so hold.

*McLean Trucking Co.*, 834 F.2d at 402.

In the instant motion, insofar as Plaintiff is suing for alleged Title VII violations and seeking back pay and injunctive

relief, *McLean Trucking Co.* is dispositive. A question remains, however, as to whether Plaintiff's additional claims for compensatory and punitive damages affect the equation. Although Plaintiff acknowledges that "any money judgment against Defendant in this case would be collectible in the bankruptcy proceedings" (Paper 12 at 3, n.1), its memorandum does not specifically address this point. Nevertheless, the court is persuaded that Plaintiff's primary purpose in bringing this Title VII action is to protect the public welfare; thus, the fact that a secondary, pecuniary interest may be involved does not bring the case outside of the § 362(b)(4) exemption. *See Safety-Kleen, Inc.*, 274 F.3d at 865; *see also General Tel. Co. of the Northwest*, 446 U.S. at 326 ("When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination"); *Universal Life Church, Inc.*, 128 F.3d at 1299 ("Only if the action is pursued solely to advance a pecuniary interest of the government unit will the automatic stay bar it"); *E.E.O.C. v. Wildwood Industries, Inc.*, No. 08-cv-1256, 2009 WL 2050992, *3 (N.D.Ill. July 8, 2009) (granting EEOC's motion to lift stay pursuant to § 362(b)(4) where compensatory and punitive damages were sought, finding that "[o]btaining a money judgment will not control the property of the bankruptcy estate. Only the *enforcement* of that judgment

6

would interfere with the bankruptcy estate" (emphasis in original)).

Accordingly, Plaintiff's motion to reopen the case will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge