UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | Civil Action No. DKC 09-CV-2570 |
| v. ) ) ) | |
| CTI GLOBAL SOLUTIONS INC., ) ) ) | |
| Defendant. ) ) ) | |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant CTI Global Solutions, Inc. ("CTI" or "Defendant") alleging that it violated Sections 701(k) and 703(a) of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. §§2000e(k) and 2000e-2(a) by removing Charging Party Rita Tolliver and classmembers Anje Proctor and Alfre Tisdale from assignments at the FBI's Alexandria Records Center because they were pregnant. The Commission and CTI desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of the Pregnancy Discrimination Act.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, Title VII and the Pregnancy

Discrimination Act. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

### Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this Title VII action, which emanated from the Charge of Discrimination filed by Rita Tolliver. This Decree in no way affects the Commission's right to process any future charges that may be filed against CTI and to commence civil actions on any such charges.

2. The Decree shall be in effect for a period of three years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. This Decree, being entered with the consent of the EEOC and CTI, shall not constitute an adjudication or finding on the merits of the case.

### Monetary Relief

4. This agreement is subject to Bankruptcy Court approval. Upon execution of this Decree by the parties, but before entry by the District Court, CTI shall seek approval from the Bankruptcy Court to pay $6,000.00 in compensatory damages to resolve this action. The payment of $6,000.00 will be made within 10 days of the Bankruptcy Court order approving this agreement becoming a final, unappealable order. As further consideration for the resolution of this action, EEOC shall have an allowed general unsecured claim in the amount of $48,694.45. Within 10 days of the Bankruptcy Court order approving this agreement becoming a final, unappealable order, the EEOC will file an amended proof of claim, amending Claim No. 13-1

eliminating the $35,175.00 priority claim in its entirety and reducing the general unsecured claim to the amount of $48,694.45. The EEOC will include an attachment to the amended proof of claim directing the Debtor to make any distribution on the claim directly to Tolliver, Proctor and Tisdale and will include current mailing addresses for Tolliver, Proctor and Tisdale and the amount of the allowed portion of the amended claim attributable to each. This general unsecured claim shall be paid in accordance with the terms of a Chapter 11 plan when one is confirmed by the Bankruptcy Court in In re CTI Global Solutions, Inc. Case No. 09-33421-TJC now pending in the Bankruptcy Court for the District of Maryland. Once approved by the Bankruptcy Court, this Agreement will remain binding on the parties and any subsequently appointed trustee in the event of conversion or dismissal of the Bankruptcy Case.

## Injunctive Relief

5. CTI's officers, managers and supervisors are enjoined from discriminating against any person based on pregnancy. The prohibited discrimination includes but is not limited to terminating, failing to hire or failing to promote persons based on pregnancy. The prohibited discrimination also includes, but is not limited to, reassigning employees based on pregnancy.

## Written Policy

6. Within 30 days of the entry of this Decree, CTI will draft a specific policy preventing pregnancy discrimination and submit it to the EEOC for approval, which shall not be unreasonably withheld. The policy shall clearly prohibit failing to hire, terminating or reassigning women based on pregnancy. Thereafter, CTI shall implement and maintain this policy.

7. Within 10 days of the EEOC's approval of the policy described in Section 6, CTI's Chief Executive Officer will send a memorandum to all managers and employees emphasizing CTI's commitment to abide by federal laws prohibiting pregnancy discrimination. The policy implemented pursuant to Section 6 above will be quoted in or appended to the memorandum.

8. CTI will distribute to a copy of the policy implemented pursuant to Section 6 to employees hired thereafter within five days of the commencement of their employment.

### Notice and Posting

9. CTI will continue to display and maintain the EEOC poster in each of its facilities and in each location where its employees are assigned on a temporary basis, in a place visually accessible to applicants and employees of CTI.

10. Within 30 days of the entry of this Decree, CTI will display and maintain, in a place at its headquarters office visually accessible to applicants, employees and managers, a remedial Notice pursuant to this Decree, a copy of which is annexed as Appendix A, printed on EEOC letterhead.

### Anti-Discrimination Training

11. Within four months from the entry of this Decree, CTI shall provide at least 2 hours of training on federal equal employment laws, with a particular emphasis on pregnancy discrimination, for all current officers, managers and supervisors.

   a. The training shall be conducted by an attorney or trainer with employment law experience.

  b. CTI will submit a summary of the training to the EEOC for approval, which shall not be unreasonably withheld.

  c. Within ten business days of completing this training CTI will furnish EEOC with a signed attendance list, the date(s) and duration of training, and an outline of the training conducted.

  12. New hires into officer, manager and supervisor positions shall receive similar training within two (2) months of such person's first day of work. This training may be provided through review of a recording of the training provided pursuant to Section 11. Within ten business days of completing this training CTI will furnish EEOC with a signed attendance list, and a description of the date(s) and duration of training.

  13. Within four months from the anniversary dates of the entry of this Decree, CTI will provide an annual update of the training described in Section 10. Within ten business days of completing this training CTI will furnish EEOC with a signed attendance list, the date(s) and duration of training, and an outline of the training conducted.

## Monitoring

  14. EEOC may monitor compliance during the duration of this Decree by inspection of CTI's premises, its records, and interviews with officers, managers and supervisors upon reasonable notice, at reasonable times. Upon ten business days notice by the EEOC, CTI will make available for inspection and copying records reasonably requested by EEOC to review compliance, will provide contact information for employees the EEOC wishes to interview, and will arrange for interviews officers, managers and supervisors reasonably requested to review

compliance. CTI may have legal counsel present at any interview of any current or former officer, manager or supervisor.

15. All documents required by this Decree to be sent to EEOC shall be addressed to:

> Equal Employment Opportunity Commission
> Baltimore Field Office
> Attention: Eric S. Thompson, Trial Attorney
> 10 S. Howard Street, 3rd Floor
> Baltimore, Maryland 21201

16. The Commission and CTI shall bear their own costs and attorneys' fees.

17. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR DEFENDANT:

*/s/ Jeanne Phelan*

Jeanne Phelan, Esq.
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 508-4221
jeanne.phelan@dlapiper.com

FOR PLAINTIFF:

*Debra Lawrence* (JMP - signed pursuant to 11/1/11 e-mail consent)
Debra Lawrence
Regional Attorney

*Maria Salacuse* (JMP - e-mail consent)
Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney

*Eric Thompson* (JMP/e-mail consent)
Eric S. Thompson
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY

COMMISSION
Baltimore Field Office
10 S. Howard Street, 3d Floor
Baltimore, MD 21201

**SO ORDERED.**

_____
Deborah K. Chasanow
United States District Judge